MAXWELL, J.,
for the Court:
¶ 1. This is an appeal by leaseholders of Sixteenth Section land in Wilkinson County who are unhappy with their increased ad valorem taxes. But when their assessments spiked in 2008, they failed to timely lodge an objection with the Wilkinson County Board of Supervisors.[1] This failure to object had clear consequences. Because they did not object, any issue with the 2008 assessments became finally settled, so the leaseholders cannot question the validity of the assessments.[2]
¶ 2. The leaseholders try to avoid this default by attacking the validity of the 2008 assessments through their objection to their 2010 assessments. However, the circuit court rejected this challenge, and so do we. Because the 2008 assessments are conclusively valid, and since the leaseholders have not provided any evidence that their 2010 assessments must be reassessed, we affirm the judgment of the circuit court in favor of the board of supervisors.
Background and Procedural History
¶ 3. When the leaseholders’ ad valorem assessments went up significantly from 2007 to 2008, they did not complain to the board of supervisors about the 2008 assessments. Under Mississippi Code Annotated section 27-35-93 (Rev.2010), “A person who is dissatisfied with the assessment may, at the August meeting, present objections thereto in writing which shall be filed by the clerk and docketed and preserved *915 with the roll.” The leaseholders presented no written objection at the August 2008 board meeting. Consequently, they are “precluded from questioning [the 2008 assessments’] validity after ... final approval by the board of supervisors or by operation of law[.]” Id.
¶ 4. The 2009 assessments were higher as well. Again, the leaseholders made no timely written objection. So again, the leaseholders are precluded from questioning the validity of the 2009 assessments. See id.
¶ 5. It was not until the 2010 assessments, which represented only a minimal increase from 2009, that the leaseholders complained to the board of supervisors. When the board declined to reassess, they appealed their assessments to the Wilkinson County Circuit Court. See Miss.Code Ann. § 11-51-77 (Rev.2012) (“Any person aggrieved by a decision of the board of supervisors ..., as to the assessment of taxes, may, within ten days after the adjournment of the meeting at which such decision is made, appeal to the circuit court of the county_[And][t]he controversy shall be tried anew[.]”). The circuit court granted summary judgment in favor of the board. And the court denied the leaseholders’ request for a declaratory judgment based on an order from a separate case.
¶ 6. The leaseholders further appealed to this court.
Discussion
I. Grant of Summary Judgment
¶ 7. The circuit court rightly recognized that the board was entitled to a judgment as a matter of law. See M.R.C.P. 56(c).
¶ 8. The leaseholders claim their assessments violate Mississippi Code Annotated section 27-35-50(4)(b) (Rev.2010), which prohibits assessments that vary more than ten percent up or down from the previous year. But that subsection is only for “arriving at the true value of any land used for agricultural purposes.” And the leaseholders did not present sufficient evidence to establish that they have leased the Sixteenth Section land for agricultural purposes.
¶ 9. Further, even if this subsection applied to the leaseholders’ leaseholds, the statute only prohibits “the variation, up or down, from a previous year [from] exceeding] ten percent.” Id. (emphasis added). And none of the leaseholders’ 2010 assessments varied more than ten percent from the previous year of 2009.
¶ 10. In raising section 27-35-50(4)(b), it is apparent that what the leaseholders are really trying to do is draw this court’s attention to the 2008 assessments, which did indeed vary more than ten percent from 2007. The leaseholders even go so far as to assert that because the 2008 assessments were “illegal” they are continually subject to invalidation. But the statute is clear that “[a]ll persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its final approval by the board of supervisors or by operation of law[.]” Miss.Code Ann. § 27-35-93. Because the leaseholders failed to object, the 2008 and 2009 assessments are deemed conclusively valid. See id. And the 2010 assessments — the only assessments in question in this appeal — did not vary more than ten percent from the previous year’s valid assessments.
II. Denial of Declaratory Judgment
¶ 11. The leaseholders also claim they were entitled a declaratory judgment based on the circuit court’s order that the tax assessments on all the Sixteenth Section leases in Wilkinson County be reassessed to only a ten percent increase from 2007 to 2008 and from 2008 to 2009. But the order they rely on was entered in a *916 separate appeal by a separate group of leaseholders, who raised separate issues. And the order did not apply to all Sixteenth Section leaseholders in Wilkinson County. Instead, the order “appl[ied] only to the Appellants listed herein,” none of whom included the leaseholders in this case. Thus, the circuit court properly refused to grant a declaratory judgment to the leaseholders based on an order that did not apply to them.
¶ 12. For these reasons, we affirm the judgment of the circuit court, which (1) dismissed the leaseholders’ appeal of their 2010 tax assessments on summary judgment and (2) denied the leaseholders a declaratory judgment that their 2008 and 2009 assessments had to be reassessed.
¶ 13. THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. See Miss.Code Ann. § 27-35-93 (Rev.2010).

. See id.